WILLIAM T. WHALEN *v.* FRANK C. SAUNDERS.

February Term, 1916.

Present:  MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed October 10, 1916.

*Principal and Agent—Authority of Agent—Ratification—Harmless Error—Agent for Foreign Principal.*

If there is error in receiving evidence of the authority of an agent to do a certain act, the finding of a subsequent ratification by the principal, renders it harmless.

The liability of an agent of a foreign principal is the same as that of any other agent, and is governed by the same principles.

GENERAL ASSUMPSIT, with a count in special assumpsit, to recover money paid to the defendant by the plaintiff as the purchase price of certain shares of stock in the Improved Shuttle Company of Canada, Limited, a Canadian Corporation. Plea, the general issue. Trial by court at the March Term, 1915, Chittenden County, *Slack,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Arch McGoun,* K. C., of the Bar of Montreal and *Sherman R. Moulton* for the defendant.

*Martin & Bailey* for the plaintiff.

TAYLOR, J.  The action is assumpsit to recover money paid the defendant for certain shares of stock in a Canadian corporation. The trial was by court with judgment on the facts found for plaintiff.

Defendant was one of the promoters of a corporation about to be organized to place on the market a patent cotton shuttle. The incorporators entered into an arrangement with John N. Harvey of Montpelier, Vermont, to act for them in the sale of a portion of the capital stock of the corporation and Harvey conducted the negotiations with the plaintiff. It is conceded that

Harvey was acting as defendant's agent, but there was conflict in the testimony as to the extent of his authority. Most of the exceptions saved by defendant relate to testimony on that subject. It will be unprofitable to spend time on these exceptions, since the court has found, on evidence unchallenged by exception, that when defendant received plaintiff's money he understood fully the conditions on which the stock was purchased and assented thereto. If there was error in receiving evidence of Harvey's authority, which we do not intimate, the finding of a subsequent ratification renders it harmless.

It is found that the defendant informed Harvey that the incorporators proposed to issue 150 shares of preferred and 150 shares of common stock, each of the par value of $100; that they were to give the owners of the patent, as the purchase price, all of the common and 90 shares of the preferred stock; that the remaining 60 shares of preferred stock were to be held as treasury stock and the proceeds used to defray the expense of manufacturing the shuttles; that early in June, 1906, Harvey submitted the proposition to plaintiff, explaining fully the purposes of the company and the use to be made of the proceeds of the stock offered for sale; that as a result plaintiff was induced to purchase five shares of the preferred treasury stock and paid Harvey therefor $500, with the express understanding that the money was to be paid into the treasury of the company and if all of said 60 shares were not sold that the money should be returned; that when the money was paid over by Harvey to defendant the latter was fully informed and assented to the agreement; that when the corporation was later organized a stock certificate was issued to plaintiff, but that the certificate represented stock that had been issued in payment for the patent and not treasury stock; that defendant did not pay the money received from plaintiff into the treasury of the corporation, but to the owner of the patent; that all of the 60 shares of treasury stock had not been sold; that when plaintiff learned of the situation he made a demand for the return of the money, and on repayment being refused brought this suit.

The only point made under the exception to the judgment is that Harvey, being the agent of a foreign principal, bound himself and not his principal. The record is silent as to defendant's residence and we should be obliged to make an inference against the judgment to sustain defendant's claim. But this objection

aside, defendant's position is untenable. There is a line of earlier decisions in some jurisdictions to the effect that an agent acting for a disclosed foreign principal is presumed in the absence of an agreement to the contrary, express or implied, to have pledged his own credit and to have intended to bind himself personally. But this rule is not now, if ever, generally recognized in this country.

Defendant cites Story on Agency in support of his claim. Judge Story adopted what was then supposed to be the doctrine of the English courts; but his rule was rejected in *Green* v. *Kope*, 36 Eng. L. & Eq. R. 396, where it was denied that there was any distinction, respecting the personal liability of the agent, whether the principal was English or a foreigner. The Chief Justice observed that it was in all cases a question of intention from the contract explained by the surrounding circumstances, such as the custom or usage of the trade where such exists. Moreover, in Bennett's edition of Story on Agency, after giving Judge Story's rule it is said: ''Probably the better rule is that the agent of a foreign principal is not, as a question of law, personally liable on every contract made for his principal. It is rather a question of fact in each case, a question of intention; to be ascertained by the terms of the particular contract and the surrounding circumstances.'' Story on Agency, §268. This seems to be the rule followed by the Supreme Court of the United States. See *Oelricks* v. *Ford*, 23 How. 49, 16 L. ed. 534. The prevailing doctrine of the American courts is that the liability of the agent of a foreign principal is the same as that of any other agent and governed by the same principles. 1 Mechem on Agency (2nd ed.) §1417; 31 Cyc. 1555.

*Judgment affirmed.*